CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 7 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TONY J. BACON, #10321-084, ) | | Civil Action No. 7:05-CV-00340 |
| Petitioner, ) | | Criminal Action No. 3:04-CR-00012 |
| ) | | |
| v. ) | | **MEMORANDUM OPINION** |
| ) | | |
| UNITED STATES, ) | | By: Hon. Norman K. Moon |
| Respondent. ) | | United States District Judge |

Petitioner, Tony J. Bacon, a federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Bacon contests the validity of his 2004 conviction and sentence. Bacon alleges that his sentence violates the rule established in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). However, because Bacon waived his right to collaterally attack his sentence, he is procedurally barred from bringing this claim. Therefore, the court must file and dismiss this motion.

### I. Procedural History

On April 29, 2004, pursuant to a written plea agreement, Bacon pled guilty to unlawful transportation of firearms, in violation of 18 U.S.C. § 922(g). The plea agreement included a collateral attack waiver, which prohibits Bacon from collaterally attacking his sentence. On August 30, 2004, the court sentenced Bacon to 90 months in prison. Bacon did not appeal this decision. Bacon filed the instant motion on May 19, 2005.

### II. Analysis

Bacon's petition conforms to 28 U.S.C.A. § 2242, which outlines the requirements for a

petition for a writ of habeas corpus. In addition, Bacon meets the requirements of 28 U.S.C. § 2255 because he was in custody pursuant to a judgment of the United States District Court for the Western District of Virginia at the time of the petition, and remains in custody to this day.

### A. Appeal Waiver

Bacon signed an appeal waiver that was part of the plea agreement. This waiver stated that Bacon would not collaterally attack his conviction or sentence. As a result, Bacon can only attack the legitimacy of the appeal waiver. Unless the appeal waiver is found to be unenforceable, Bacon's remaining claims must be dismissed.

The Fourth Circuit has held that plea agreement provisions waiving the right to appeal or collaterally attack a conviction are valid, so long as they are entered into voluntarily and knowingly. United States v. Lemaster, 403 F.3d 216 (4th Cir. Apr. 11, 2005). Bacon does not allege that he did not knowingly and voluntarily waiver his right to collaterally attack his sentence. Sentencing issues do not survive a collateral attack waiver unless the "sentence imposed [is] in excess of the maximum penalty provided by statute." Id. at 220 n.2. Bacon does not argue that the sentence was higher than that allowed by the statute.

### C. Blakely and Booker

Bacon alleges that his sentence violates the rule in Blakely. However, the Court of Appeals for the Fourth Circuit rejected this argument in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004). Bacon argues that his sentence violates the rule in Booker. However, Bacon's conviction became final prior to the decision in Booker and this court holds that Booker does not apply

retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004). Therefore, this court finds that Blakely and Booker do not apply to Bacon's case.

Even if the rule in Blakely and Booker did apply to Bacon's case, he procedurally defaulted his claims by failing to raise them on direct appeal. The Supreme Court has noted that "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Therefore, a petitioner procedurally defaults any claim that he failed to raise at trial or on direct appeal and is prevented from bringing that claim in a motion under § 2255 absent a showing of cause and actual prejudice. Id. at 622. Bacon has not alleged cause or prejudice for failing to appeal his conviction and sentence.

### III. Conclusion

The court finds that Bacon signed a collateral attack waiver and that he has not alleged that his collateral attack waiver was invalid. Therefore, his claims are procedurally barred. In addition, the court finds that the rule in Blakely and Booker does not apply to Bacon's case. Therefore, the court files and dismisses petitioner's motion. An appropriate order will be entered this day.

ENTER: This \_\_\_\_\_ day of June, 2005.

UNITED STATES DISTRICT JUDGE